**Paskel E. MAYFIELD, Jr., Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–136.

United States Court of Veterans Appeals.

June 8, 1993.

Before STEINBERG, Associate Judge.▮

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

▮ The pro se appellant, Vietnam veteran Paskel E. Mayfield, appeals from a January 8, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a chronic back injury. *Paskel E. Mayfield,* BVA 92–00468 (Jan. 8, 1992). Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). Because the appellant failed to submit new and material evidence to reopen his claim, the Court will affirm the Board's decision.

The veteran has recognized service with the United States Army from December 10, 1968, to December 24, 1971, and with the United States Army Reserves from June 8 to 21, 1975, and September 25 to October 16, 1975. R. at 495. He contends that he injured his back twice while in service: In 1970, as a result of an exploding mine; and in 1975 during active duty for training, when he strained his back while lifting steel. His claim for service connection for a back injury was denied by prior final BVA decisions in May 1980, December 1983, and April 1990. R. at 236–45, 274–80, 368–74. In attempting to reopen his claim, the veteran submitted several items of evidence: (1) Department of Veterans Affairs (formerly Veterans' Administration) (VA) Medical Center (MC) outpatient treatment records from 1979, 1984, 1988, and 1989 (R. at 377–92); (2) the report of a July 1990 VA compensation and pension examination, which noted, inter alia, degenerative disk disease of the spine (R. at 394–414); (3) medical reports from Monongolia General Hospital dated 1975, 1980, and 1988 concerning a negative chest X-ray and cysts found on the veteran's hand and forearm (R. at 427–28, 456); (4) the transcript of a March 14, 1991, personal hearing before a VA regional office, at which the veteran testified under oath about his back injury and at which a witness for the veteran testified under oath concerning the veteran's current physical condition and limited mobility following discharge from service (R. at 436–49); (5) records relating to a claim for workers' compensation for a 1973 on-the-job back injury (458–71); and (6) a page of medical notes, dated 1979 and 1984, noting, inter alia, the veteran's prior back surgery (R. at 454). In its January 8, 1992, decision, the Board declined to reopen the veteran's claim, concluding that the evidence presented was not new and material.

▮ Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). On claims to reopen previously and finally disallowed claims, the BVA must conduct a "two-step" analysis. *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 215 (1991). The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones,* 1 Vet.App. at 213; *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). The Court recently synthesized the applicable law as follows:

> "New" evidence is that which is not merely cumulative of other evidence of record. "Material" evidence is that which is relevant to and probative of the issue at hand and which, as this Court stated in *Colvin, supra,* . . . must be of sufficient weight or significance (assuming its credibility) that

there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome.

*Cox v. Brown,* 5 Vet.App. 95, 98 (1993).

■ In its 1980 decision, the Board recognized that the veteran had complained of and been treated for back pain during service; however, the Board concluded that any injury received was acute and transitory. R. at 242. For the reasons set forth below, the veteran's newly submitted evidence is either cumulative of evidence already in the record and, therefore, not "new", or not probative of an in-service back injury or of a relationship between such injury and a current disability and therefore not "material" to his claim of service connection for a back injury. The VAMC medical progress notes spanning 1979 to 1989 and the 1990 VA medical examination report detail the veteran's then-current back condition, but do not show any connection between that condition and in-service injuries. The workers' compensation records relate to a non-service injury that occurred in 1973. They have no bearing on any injury that the veteran might have received when he reentered the service in 1975, and they reveal no evidence of a back injury prior to 1973. The records from Monongolia General Hospital relate to a cyst on the veteran's hand and thus are not relevant to any back injury. The 1991 sworn hearing testimony of the veteran and his witness reiterate information contained in previously submitted lay statements and medical history (R. at 76, 173, 175); the testimony was, thus, cumulative. The only other evidence that the veteran submitted duplicated previously submitted service medical records (R. at 474–81). Accordingly, the Court holds that the veteran failed to submit new and material evidence to reopen his claim.

Upon consideration of the record, the Secretary's motion, and the appellant's informal brief, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7252,

5107(a), (b), 7104(d)(1), 7261 (West 1991), and the analysis in *Gilbert v. Derwinski,* 1 Vet. App. 49 (1990). The Court grants the Secretary's motion for summary affirmance and summarily affirms the January 8, 1992, BVA decision.

AFFIRMED.